### SHELDON v. McFEE et al.

#### (Supreme Court, Appellate Division, Third Department. March 14, 1913.)

CHATTEL MORTGAGES (§ 219*)—SALE OF MORTGAGED PROPERTY BY MORTGAGOR—RATIFICATION BY MORTGAGEE—TITLE OF PURCHASER—EVIDENCE.

Where W., after mortgaging a safe to plaintiff, traded it to C. for another one, they treating them as of equal value, and after placing the new safe in his office, where the old one had been, W. mortgaged it to plaintiff, it must be held, in an action for its conversion, neither plaintiff nor W. testifying, that plaintiff, when taking the new mortgage, knew the new safe represented the old safe, thereby ratifying the exchange, and making C.'s title to the old safe good.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 473–475; Dec. Dig. § 219.*]

Lyon, J., dissenting.

Appeal from Trial Term, Otsego County.

Action by Burton H. Sheldon against Frank McFee and Samuel Borst. From a judgment for plaintiff, defendants appeal. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, and HOWARD, JJ.

George Wohlleben, of Oneonta, for appellants.
Alva Seybolt, of Oneonta, for respondent.

PER CURIAM. Mrs. White traded the old safe, upon which plaintiff held a mortgage, with the Carey Company for the new safe. In the trade the safes were treated as of equal value. Shortly after, she mortgaged the new safe to the plaintiff to secure the same debt for which he held the old mortgage, and plaintiff and White sold it for $89; the plaintiff receiving the purchase price. Neither the plaintiff nor White was sworn as a witness. The plaintiff knew whether he assented to the trade or ratified it, and his silence makes strongly against him. The new safe was placed in White's office where the old safe was, and the inference is irresistible that the plaintiff or his agent at the time he took the mortgage knew that it represented the old safe,

---
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and thereby ratified the acts of White in making the exchange. Such ratification made the title of the Safe Company good as to the old safe now in question.

The judgment should, therefore, be reversed on the law and the facts and a new trial granted, with costs to the appellant to abide the event. The findings that the plaintiff was the owner of the safe and entitled to its possession, and that the defendants have converted his property, are disapproved of as against the evidence. All concur, except LYON, J., dissenting.